**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE APPLICATION OF DIEGO GLOZMAN
FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

CASE NO. _

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR**
**JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

# Table of Contents

I. INTRODUCTION .......... 5
II. BACKGROUND .......... 6
A. The Foreign Proceedings in Argentina. .......... 6
B. Mr. Glozman's previous § 1782 petition in the Southern District of Florida. .......... 8
C. Ms. Meta's § 1782 petition in the Southern District of New York. .......... 8
D. This Application essentially mirrors Ms. Meta's 1782 petition in the Southern District of New York. .......... 9
III. ARGUMENT .......... 9
A. Respondents reside or are found in the Southern District of New York. .......... 10
B. The requested discovery is for use in a pending "foreign" proceeding. .......... 12
C. Applicant, as a party to the foreign litigation, is an "interested person." .......... 14
D. The discretionary factors weigh in favor of granting this application. .......... 14
IV. CONCLUSION .......... 19

# Table of Authorities

**Cases**

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,*
673 F.3d 76 (2d Cir. 2012) ........................................10

*Ex parte SBK Art LLC, No.*
2025 U.S. Dist. LEXIS 102566 (S.D.N.Y. May 30, 2025) ........................................18

*Hanwei Guo v. Deutsche Bank Sec.,*
965 F.3d 96 (2d Cir. 2020) ........................................17

*In re Accent Delight Int'l Ltd.,*
869 F.3d 121 (2d Cir. 2017) ........................................12, 13

*In re Application XPO Logistics, Inc., No.*
2017 U.S. Dist. LEXIS 203577 (S.D.N.Y. Dec. 11, 2017) ........................................17

*In re Blue Skye Fin. Partners S.A.R.L.,*
2022 WL 2441074 (S.D.N.Y. July 5, 2022) ........................................13

*In re del Valle Ruiz,*
939 F.3d 520 (2d Cir. 2019) ........................................10, 11, 12

*In re Ex parte Klein,*
2023 U.S. Dist. LEXIS 227152 (S.D.N.Y. Dec. 21, 2023) ........................................15

*In re Ex parte Tiberius Grp. AG,*
2020 U.S. Dist. LEXIS 40471 (S.D.N.Y. Mar. 6, 2020) ........................................17

*In re JSC BTA Bank,*
577 F.Supp.3d 262 (S.D.N.Y. 2021) ........................................12, 13

*In re Kipperband,*
2025 WL 1418706 (2d Cir. May 16, 2025) ........................................12

*In re Marinakis, 24-MC-485 (JGK) (HJR),*
2025 WL 693147 (SDNY Mar. 4, 2025) ........................................12

*In re Pidwell, No. 1:21-MC-0166 (ALC)(KHP),*
2022 U.S. Dist. LEXIS 11484 (S.D.N.Y. Jan. 21, 2022) ........................................17

*In re Porsche Automobil Holding SE, No.*
2016 U.S. Dist. LEXIS 20012 (S.D.N.Y. Feb. 18, 2016) ........................................16

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) .......... *passim*

*Tianbo Huang v. iTV Media, Inc.*,
13 F.Supp.3d 246 (E.D.N.Y. 2014) .......... 11

*Mees v. Buiter*,
793 F.3d 291 (2d Cir. 2015) .......... 10, 15, 18

*Vision Indian Ocean S.A., No. 22MISC92RAGWG*,
2022 WL 15527657 (S.D.N.Y. Oct. 28, 2022) .......... 11

**Statutes**

28 U.S.C. § 1782 .......... *passim*

## I. INTRODUCTION

Diego Glozman ("Mr. Glozman") applies to this Court for an order of judicial assistance, pursuant to 28 U.S.C. § 1782 appointing David A. Short, Esq. as a Commissioner of the Court to facilitate subpoenas seeking documentary evidence from UBS AG, Bank of America, N.A., Deutsche Bank Trust Company Americas, Citibank, N.A., The Bank of New York Mellon, Wells Fargo Bank, N.A., Banco de la Nacion Argentina, Standard Chartered Bank, and The Clearing House Payments Company LLC (collectively, "Respondents").

Section 1782's statutory requirements are met. Mr. Glozman seeks discovery for use in proceedings before a foreign tribunal: the provisional remedies proceeding pending before the same court, Case No. 54327/2025 (the "Provisional Remedies Proceeding"); and the marital property division proceeding pending before the same court, Case No. 028833/2026 (the "Division of Marital Property Proceeding" and, together with the Provisional Remedies Proceeding, the "Argentine Proceedings"). Medina Decl. ¶ 5. Mr. Glozman is an interested party: the Argentine Proceedings are between Mr. Glozman and his former spouse, Natalia Olga Meta ("Ms. Meta"). The requested discovery is for use in the Argentine Proceedings, because Mr. Glozman is seeking financial documents and wire transfers for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, RTP, Fedwire, FedNow, FedACH, or where the Respondents otherwise facilitated interbank funds transfers, or where the Respondents directly provided banking services to Ms. Meta and her related entities in order to seek provisional remedies to identify, preserve, and protect marital assets subject to equitable distribution. Finally, each Respondent resides or can be found in the Southern District of New York within the meaning of § 1782.

This application also satisfies the discretionary factors prescribed by the U.S. Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). None of the Respondents is a party or anticipated to become a party to the Argentine Proceedings. As such, they are beyond the reach of the Argentine courts. There is no indication that the Argentine court would be unreceptive to § 1782 discovery as it adjudicates the merits of Mr. Glozman's claim. The Application does not seek information in circumvention of any foreign proof-gathering restrictions or public policies of Argentina. And the discovery sought consists of financial records of the sort regularly maintained by financial institutions and is reasonably tied to the time-period of the marital relationship.

## II. BACKGROUND

### A. The Foreign Proceedings in Argentina.

Mr. Glozman and Ms. Meta were married on December 18, 2013, under the Argentine statutory regime of community property. Declaration of Graciela Medina[1] ("Medina Decl.") ¶ 8. During the marriage, they accumulated substantial marital assets, including financial investments, dividend rights in Banco Industrial S.A. ("BIND"), and other banking products. *Id.*

Beginning around 2020–2021, after some marital discord, Ms. Meta initiated a systematic scheme to conceal and divert marital property. *Id.* ¶ 9. This included the creation of offshore corporate structures and trusts in opaque jurisdictions, such as:

- Athos Family Group Ltd. (British Virgin Islands, incorporated July 2, 2021);
- Navis Porthos Corp. (Nevis, incorporated August 12, 2022);
- Porthos Trust (Bahamas);
- Athos Trust (South Dakota, U.S.);

[1] All citations to the Medina Declaration refer to the official English translation. The original Spanish version contains a numeration error that skips from 19 to 20. This error was corrected in the English translation. The same paragraphs appear in each, but paragraphs 20 onwards in the Spanish version correspond to paragraphs 19 onwards in the English version.

- Aramis Team Corp. (Nevis, incorporated in July of 2025); and
- Aramis Team Trust (Nevis).

*Id.* ¶ 10.

In November of 2024 Ms. Meta initiated the divorce proceeding pending before the Court for Civil Matters in and for the City of Buenos Aires No. 8 in Case No. 90348/2024 (the "Divorce Proceeding"). *Id.* ¶ 21. However, immediately before filing for divorce, Ms. Meta transferred $12,146,006.98 USD to UBS Financial Services Inc. account number 50 06054 21, held in the name of Porthos Corp., without Mr. Glozman's knowledge or consent. *Id.* ¶ 11. This transfer violated Argentine community property laws requiring spousal consent for disposition of marital property. *Id.* Additional misconduct by Ms. Meta includes: (i) the systematic dissipation of cryptocurrency assets valued at approximately $280,724.69 USD, (ii) undisclosed contributions to real estate investment trusts post-divorce filing, (iii) transfers of $28,000 USD to Ms. Meta's company in Uruguay during the divorce proceedings, and (iv) continued systematic nondisclosure of information relating to U.S.-based accounts and their management. *Id.* ¶ 12.

Despite formal requests for information and transparency, Ms. Meta has refused to provide accounting or documentation regarding the location, disposition, or management of the transferred assets. Medina Decl. ¶ 13. As a result, Mr. Glozman initiated the Provisional Remedies Proceeding and sought provisional remedies in Argentina to preserve marital assets in the civil action filed in the Court for Civil Matters in and for the City of Buenos Aires, Case No. 54327/2025. *Id.* ¶ 23. The Argentine court has already granted a number of provisional remedies, consisting of: (i) a prejudgment garnishment over fifty percent of the dividend rights associated with shares in Banco Industrial S.A. (BIND); (ii) a prejudgment garnishment over fifty percent of the installment payments arising from the sale of membership shares; (iii) a prejudgment garnishment over fifty percent of the funds held in various Argentine financial institutions; (iv) a prohibitory injunction

regarding offshore companies and trusts established by Ms. Meta; and (v) a prejudgment garnishment over fifty percent of the funds held in specified foreign banks. *Id.* ¶ 25. Copies of the referenced court decisions arising from the Provisional Remedies Proceedings, along with certified translations, are attached to the Declaration of David A. Short ("Short Decl.") as **Composite Exhibit 10** pp. 3-5.

Additionally, the Division of Marital Property Proceeding is also pending before the same court in the proceeding titled *META, Natalia Olga v. GLOZMAN, Diego Damián on the division of marital property* in Case no. 028833/2026. Medina Decl. ¶ 24.

**B. Mr. Glozman's previous § 1782 petition in the Southern District of Florida.**

On October 1, 2025, Mr. Glozman filed a § 1782 petition seeking discovery in the United States District Court for the Southern District of Florida. *In re Diego Glozman*, No. 1:25-mc-24525-KMM. Medina Decl. ¶ 15. That petition sought discovery for use in the Provisional Remedies Proceeding, but from entities other than those being sought in the instant application. *Id.* The Southern District of Florida granted that petition on February 4, 2026, and Mr. Glozman sought discovery concerning bank accounts located exclusively within that district through subpoenas on JPMorgan Chase Bank, N.A.; Morgan Stanley Smith Barney LLC; and UBS Financial Services Inc. *Id.* ¶ 16. The financial institutions and accounts at issue in the Florida proceeding are distinct from, and unrelated to, those identified in the present Application. *Id.*

**C. Ms. Meta's § 1782 petition in the Southern District of New York.**

Notably, Ms. Meta has filed a § 1782 petition in the U.S. District Court for the Southern District of New York, case number 1:25-mc-00571-RA-OTW, titled *In re Natalia Olga Meta*, (the "Ms. Meta 1782"), which this Court recently granted. *Id.* ¶ 17. In that petition, Ms. Meta sought discovery on the following entities UBS AG, Bank of America, N.A., Deutsche Bank Trust

Company Americas, Citibank, N.A., The Bank of New York Mellon, Wells Fargo Bank, N.A., Banco de la Nacion Argentina, JP Morgan Chase Bank, N.A., Standard Chartered Bank, and The Clearing House Payments Company LLC. *See id.* ¶ 15. Mr. Glozman categorically rejects Ms. Meta's allegations regarding him and his actions as false, and challenges Ms. Meta's characterization of the facts.[2] *Id.*

### D. <u>This Application essentially mirrors Ms. Meta's 1782 petition in the Southern District of New York.</u>

This Application substantially mirrors the list of respondents—with the exception of JP Morgan Chase Bank, N.A.—in the Ms. Meta 1782, which has been granted, and is narrowly tailored to obtain records from U.S. financial institutions where accounts directly or indirectly controlled by Ms. Meta are located. These institutions include UBS AG, Bank of America, N.A., Deutsche Bank Trust Company Americas, Citibank, N.A., The Bank of New York Mellon, Wells Fargo Bank, N.A., Banco de la Nacion Argentina, Standard Chartered Bank, and The Clearing House Payments Company LLC. *Id.* ¶ 19. The requested information and documents date from December 18, 2013 to the present—the same relevant period as listed in the Ms. Meta 1782—and include standard banking and brokerage documents such as account statements, wire transfer records, records reflecting the delivery of securities, account opening documents, signature cards, correspondence, and documents evidencing beneficial ownership and asset transfers. *Id.* ¶ 20. Where possible, the Application seeks to limit the requests to significant dollar amounts above USD 10,000. *Id.*

## III. <u>ARGUMENT</u>

"In ruling on an application made pursuant to section 1782, a district court must first

[2] Mr. Glozman separately seeks intervention in the Meta 1782 to protect his privacy interests in the financial records.

consider the statutory requirements and then use its discretion in balancing a number of factors." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

Section 1782 has three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn*, 673 F.3d at 80). Courts also consider four discretionary factors, bearing in mind Section 1782's twin aims of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id*. at 297-98 (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)). The petition satisfies each statutory requirement and discretionary factor.

**A. <u>Respondents reside or are found in the Southern District of New York.</u>**

The first statutory requirement is that the respondents "reside" or can be "found within" the district in which the application is made. In *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019), the Second Circuit held that the "resides or is found" language of § 1782 "extends to the limits of personal jurisdiction consistent with due process."

Each Respondent is unquestionably located within this District. Each maintains an office in Manhattan that serves as that respondent's headquarters and/or New York branch:

- UBS AG has its headquarters at its office at 1285 Avenue of the Americas, New York, NY, 10019, United States. Short Decl. ¶ 3, Ex. 1;
- Bank of America, N.A., maintains many offices and branches in New York, but lists its office at 1 Bryant Park, New York, NY 10036 on SEC documents and found on its website. Short Decl. ¶ 4, Ex. 2;

- Deutsche Bank Trust Company Americas. has its head office at 1 Columbus Circle, New York, NY 10019. Short Decl. ¶ 5, Ex. 3;
- Citibank, N.A. has its headquarters at its office at 388 Greenwich Street, New York, NY 10013. Short Decl. ¶ 6, Ex. 4;
- The Bank of New York Mellon has its headquarters at its office at 240 Greenwich St, New York, NY 10286. Short Decl. ¶ 7, Ex. 5;
- Wells Fargo Bank, N.A., has its offices at 540 Madison Avenue, New York, NY 10022. Short Decl. ¶ 8, Ex. 6;
- Banco de la Nacion Argentina has its New York branch at 230 Park Avenue, 3rd Floor New York, NY 10169 US. Short Decl. ¶ 9, Ex. 7;
- Standard Chartered Bank has its New York branch at its office at 1095 Avenue of the Americas New York, NY 10036 US. Short Decl. ¶ 10, Ex. 8; and
- The Clearing House Payments Company LLC has its headquarters at its office at 1114 Avenue of the Americas, 17th Floor, New York, NY 10036. Short Decl. ¶ 11, Ex. 9.

An entity is deemed to be found in New York where it maintains its principal place of business. *See, e.g., Vision Indian Ocean S.A.*, No. 22MISC92RAGWG, 2022 WL 15527657, at *3 (S.D.N.Y. Oct. 28, 2022). But, for the purpose of § 1782 applications, a respondent can also be "found within" New York on the basis of specific jurisdiction: for example, the employees and officers of an entity based in New York have minimum contacts sufficient to establish specific personal jurisdiction for the purpose of seeking discovery arising out of that employment. *Tianbo Huang v. iTV Media, Inc.*, 13 F.Supp.3d 246, 256-57 (E.D.N.Y. 2014) (specific personal jurisdiction existed over CEO who did not live in New York); *In re del Valle Ruiz*, 939 F.3d at 528

(importing specific personal jurisdiction constitutional due process analysis to § 1782 context). Each of these points alone is sufficient to satisfy § 1782's found within requirement. *In re JSC BTA Bank*, 577 F.Supp.3d 262, 266 (S.D.N.Y. 2021).

Moreover, this Court has granted several § 1782 applications authorizing intermediary bank discovery for the Respondents. See *In Re 1887370 Ontario Inc.*, 25-cv-384, (S.D.N.Y. 2025) (granting the § 1782 application and permitting discovery to be obtained from, among others, Citibank, the Bank of New York Mellon, Wells Fargo Bank, N.A., Deutsche Bank Trust Co. Americas, UBS AG, Bank of America, N.A., Standard Chartered Bank US, and The Clearing House Payments Company L.L.C); *In re Kipperband,* 24-cv-2627, 2025 WL 1418706 (2d Cir. May 16, 2025) (granting the § 1782 application and permitting discovery to be obtained from, among others, Citibank, the Bank of New York Mellon, Wells Fargo Bank, N.A., Deutsche Bank Trust Co. Americas, UBS AG, Bank of America, N.A., Standard Chartered Bank US, and The Clearing House Payments Company L.L.C. ); *In re Marinakis*, 24-MC-485 (JGK) (HJR), 2025 WL 693147 (SDNY Mar. 4, 2025) (granting the § 1782 application and permitting discovery to be obtained from, among others, Citibank N.A., the Bank of New York Mellon, Bank of America, N.A., Deutsche Bank Trust Co. Americas, Standard Chartered Bank USA, UBS AG, and Wells Fargo.) *In Re: Jimena Adamovsky*, 1:22-MC-245 (PMH) (S.D.N.Y. Aug. 30, 2022) (granting the § 1782 application and permitting discovery to be obtained from Banco de la Nacion Argentina).

Therefore, the Application satisfies the first statutory requirement of § 1782.

**B. <u>The requested discovery is for use in a pending "foreign" proceeding.</u>**

The second statutory requirement is that the requested discovery must be for use in a pending foreign or international proceeding. Discovery is "for use" if the discovery sought "will be employed with some advantage or serve some use in the [foreign] proceeding." *In re Accent*

*Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). It is satisfied by the existence of adversarial actions in a foreign court for which the discovery may serve some advantage. *See In re JSC BTA Bank*, 577 F.Supp.3d 262, 266 (S.D.N.Y. 2021); *In re Blue Skye Fin. Partners S.A.R.L.*, No. 22 MISC. 171 (KPF), 2022 WL 2441074, at *3 (S.D.N.Y. July 5, 2022) ("for use" requirement met where adversarial actions pending before District Court of Luxembourg).

The second statutory factor is satisfied because Applicant seeks correspondent bank documents and testimony from the Respondents to support the Argentine Proceedings pending before the Court for Civil Matters in and for the City of Buenos Aires No. 8. Medina Decl. ¶ 5.

The Argentine Proceedings unambiguously fall within the meaning of a "proceeding in a foreign or international tribunal." *Intel* explains that Congress's use of "tribunal" is expansive and "not confined to proceedings before conventional courts, but extends also to administrative and quasi-judicial proceedings." *Intel*, 542 U.S. at 249 (internal quotations omitted). Here, the Argentine Proceedings are pending before a conventional civil court. Medina Decl. ¶¶ 23-24.

And courts in this district consider that the "for use" requirement is satisfied when the applicant has the "ability to inject the requested information into a foreign proceeding" and "the requested discovery is something that will be employed with some advantage or serve some use in the proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). It is satisfied by the existence of adversarial actions in a foreign court for which the discovery may serve some advantage. *See In re JSC BTA Bank*, 577 F.Supp.3d 262, 266 (S.D.N.Y. 2021); *In re Blue Skye Fin. Partners S.A.R.L.*, No. 22 MISC. 171 (KPF), 2022 WL 2441074, at *3 (S.D.N.Y. July 5, 2022) ("for use" requirement met where adversarial actions pending before District Court of Luxembourg).

The Application, the intended use of the evidence, and Argentine Proceedings satisfy the "for use" requirement. Argentine law permits a party to submit evidence on the marital assets that are the subject of the underlying proceeding to protect marital property through the identification of diverted assets and through the enforcement of rights in the division of marital property. *See* Medina Decl. ¶ 32. The evidence is probative and relevant to the claims and requested relief in the Argentine Proceedings, and despite having obtained some evidence in Argentina, additional targeted discovery from certain U.S. financial institutions is essential to fully trace and recover the subject marital assets. *Id.* ¶¶ 27, 32. Indeed, the Argentine court in the Provisional Remedies Proceeding has issued an order requesting the very assistance sought in this Application. *See* Composite Ex. 10 at p. 30 ("It is hereby ordered that the official court letters…and/or the appropriate letters rogatory, as the case may be, be issued to require the entities and institutions listed on the petition to provide the information requested."). Both Applicant and the Argentine court are seeking the requested evidence from the Respondents.

Accordingly, the Application satisfies the second statutory requirement of § 1782.

**C. Applicant, as a party to the foreign litigation, is an "interested person."**

Finally, § 1782 requires that the applicant be an "interested person" to the foreign litigation. The statutory term "interested person" encompasses parties to the foreign litigation. *Intel*, 542 U.S. at 256. Mr. Glozman is a party to the litigation in Argentina and is therefore an "interested person" within the meaning of § 1782.

The Application satisfies the third statutory requirement of § 1782.

**D. The discretionary factors weigh in favor of granting this application.**

Once the statutory requirements are satisfied, courts should evaluate Intel's four factors before deciding to grant a petition, keeping in mind § 1782's twin aims of "providing efficient

means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees*, 793 F.3d at 297-98 (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)). The four factors are:

> whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Id.* (citation modified).

i. <u>The discovery sought is beyond the reach of Argentine courts.</u>

The first discretionary factor asks whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the foreign tribunal's power over that person reduces—but does not eliminate—the need for assistance under § 1782. "[T]he relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production." *In re Ex parte Klein*, No. 23 Misc. 211, 2023 U.S. Dist. LEXIS 227152, at *28 (S.D.N.Y. Dec. 21, 2023). The first discretionary factor weighs in favor of granting the Application because there is no expectation that any of the Respondents will be a party to the Argentine Proceedings involving their divorce and division of marital property. *See* Medina Decl. ¶ 30. Nor does the Argentine court have jurisdiction over the Respondents to order the production of the requested evidence in any of the Argentine Proceedings. *Id.*

This factor favors granting the § 1782 application.

ii. <u>There is no evidence that the Argentine court would reject discovery obtained from the application.</u>

Under the second discretionary factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Courts tread lightly here and "heed only clear statements by foreign tribunals that they would reject Section 1782 assistance." *In re Porsche Automobil Holding SE*, No. 15-mc-417 (LAK), 2016 U.S. Dist. LEXIS 20012, at *8 (S.D.N.Y. Feb. 18, 2016). In this Court, the party opposing the application bears the burden of demonstrating that a foreign court would not be receptive to assistance from a U.S. court.

As explained in the Medina Declaration, there is no indication that the Argentine court would not be "receptive to the documentary and testimonial evidence" sought through this Application. Medina Decl. ¶ 32. In fact, the Argentine court in the Provisional Remedies Proceeding issued an order dated August 19, 2025 for letters rogatory "to require the entities and institutions listed on the petition to provide the information requested." Comp. Ex. 10 at p. 30. Not only is this Court's assistance welcome, the Argentine court is *actively seeking* the evidence sought by this Application and would likely admit it in any of the Argentine Proceedings.

This factor weighs in favor of granting the Application.

iii. <u>The Application does not circumvent Argentine rules of evidence.</u>

The third discretionary factor allows a district court to consider whether the § 1782(a) request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. This is a permissive inquiry; it does not require that the type of evidence sought would be admissible or even discoverable in the foreign proceeding. The Second Circuit has consistently rejected the existence of a "foreign discoverability requirement," holding that such a requirement would be inconsistent with the

Supreme Court's decision in *Intel*. *Hanwei Guo v. Deutsche Bank Sec.*, 965 F.3d 96 (2d Cir. 2020) (citing *Intel*, 542 U.S. at 253). "A foreign nation may limit discovery within its domain for reasons particular to its own legal practices, culture, or traditions – reasons that do not necessarily signal objection to aid from United States federal courts." *Intel*, 542 U.S. at 261.

Instead, the "circumvention" inquiry boils down to whether the discovery is being sought in bad faith – whether there is a legitimate reason for obtaining documents, or whether an applicant is attempting to circumvent an adverse foreign discovery order barring disclosure of specific documents. *In re Application XPO Logistics, Inc.*, No. 15 Misc. 205, 2017 U.S. Dist. LEXIS 203577, at *18 (S.D.N.Y. Dec. 11, 2017) (upholding determination that there was no basis to conclude that the applicant "sought to replace a French decision with one by a U.S. court.") (citation modified) (quoting *In re Microsoft Corp.*, 428 F.Supp.2d 188, 194 (S.D.N.Y. 2006)).

That the discovery available via § 1782 may be broader than what is obtainable in the foreign court is a feature, not a bug, of the statute, and courts routinely grant applications where the evidence is not obtainable in a foreign court, under that jurisdiction's law. *In re Pidwell*, No. 1:21-MC-0166 (ALC)(KHP), 2022 U.S. Dist. LEXIS 11484, at *14 (S.D.N.Y. Jan. 21, 2022). "Only where the materials being sought are privileged or otherwise prohibited from being discovered or used is the third Intel factor implicated.…" *In re Ex parte Tiberius Grp. AG*, No. 19-mc-467 (VSB), 2020 U.S. Dist. LEXIS 40471, at *12–13 (S.D.N.Y. Mar. 6, 2020).

The Declaration from Applicant's foreign counsel confirms that this Application does not circumvent any Argentine restrictions against U.S. judicial assistance. Medina Decl. ¶ 34. There is no evidence of any Argentine law, rule, or legal basis that prohibits or limits Applicant's right to submit this Application in good faith. *Id.* And again, the Argentine Court's order seeking these documents and garnishing Ms. Meta's accounts, while ordering "that all letters rogatory and

official court letters necessary to enforce these provisional remedies be issued," belies any notion of circumvention. *See* Comp. Ex. 10 at pp. 5, 30.

Accordingly, the third factor weighs in favor of granting the Application.

iv. <u>The discovery requests relate to discrete and recent actions over a short period.</u>

The last discretionary factor asks whether the discovery sought is unduly intrusive or burdensome. This factor borrows the proportionality inquiry from the Federal Rules of Civil Procedure. *Mees*, 793 F.3d at 302. "[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in the foreign proceeding." *Id.* Instead, the inquiry is whether the relevant material is "proportional to the needs of the case . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Ex parte SBK Art LLC*, No. 24 Misc. 147, 2025 U.S. Dist. LEXIS 102566, at *39 n.8 (S.D.N.Y. May 30, 2025) (citation and quotation omitted).

Under those standards, the discovery sought is neither burdensome nor unreasonable. Mr. Glozman seeks from the Respondents financial information documents relating to Ms. Meta, companies and trusts associated with her, and the marital property at issue in the Argentine Proceedings. The evidence sought from the Respondents is the type of information that these financial institutions regularly use and maintain and should have readily available. The evidence sought is probative of the status of the marital property, some of which was transferred by Ms. Meta during the pendency of the Argentine Proceedings, and that court's order declaring that 50% of the marital assets are subject to a freeze. Comp. Ex. 10 at p. 5. Finally, the Application substantially mirrors the requests listed in the Ms. Meta 1782 and concerns limited evidence relating to identified accounts for the period from December 18, 2013 to the present, which is

narrow and well within the normal document retention period of financial institutions such as the Respondents.

The last discretionary factor also supports granting the § 1782 Application.

## IV. CONCLUSION

For the foregoing reasons, the Application for Judicial Assistance should be granted.

Dated: September 8, 2026.

Respectfully submitted,

*/s/ David Short*
David A. Short, Esq.
N.Y. Bar No. 5780804
1200 G Street N.W., Suite 340
Washington, DC 20005
Tel: (202) 900-8740
Email: dshort@sequorlaw.com

*Counsel for Diego Glozman*