UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DIEGO GLOZMAN FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | 26-mc-445 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

On September 9, 2026, Diego Glozman filed an *ex parte* application pursuant to 28 U.S.C. § 1782 to take discovery for use in a foreign proceeding. Dkt. 1. The application seeks information from UBS AG; Bank of America, N.A.; Deutsche Bank Trust Company Americas, Citibank, N.A.; the Bank of New York Mellon; Wells Fargo Bank, N.A.; Banco de la Nacion Argentina; Standard Chartered Bank; and the Clearing House Payments Company LLC. The requested information relates to a marital proceeding pending in Argentina. *Id.* at 1. The application is GRANTED IN PART and DENIED IN PART.

Under section 1782, Glozman must make three showings: (1) that the entity from whom discovery is sought "resides or is found" within the district; (2) that the requested material is "for use" in a foreign proceeding; and (3) that he is an "interested party" to the foreign proceeding. 28 U.S.C. § 1782; *see In re BonSens.org*, 95 F.4th 75, 79 (2d Cir. 2024).

All three factors are met with respect to UBS AG; Bank of America, N.A.; Deutsche Bank Trust Company Americas; Citibank, N.A.; the Bank of New York Mellon; and the Clearing House Payments Company LLC. The so-called *Intel* factors also weigh in favor of granting relief as to these entities. *See In re BonSens.org*, 95 F.4th at 80 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)). But Glozman has failed to introduce sufficient evidence to show that the first requirement is met as to Wells Fargo Bank, N.A.; Banco de la Nacion Argentina; and Standard Chartered Bank—that is, he has failed to establish that these entities "reside[]" or are "found" within the district.

In *In re del Valle Ruiz*, the Second Circuit held that section 1782's "'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." 939 F.3d 520, 528 (2d Cir. 2019). Accordingly, Glozman needs only "furnish a sufficient basis to find either specific or general jurisdiction" over the entities. *In re Litasco SA*, 2023 WL 8700957, at *1 (S.D.N.Y. Dec. 15, 2023). He has not done so.

First, he has introduced nothing to indicate that the Court has general jurisdiction over them. *Cf. Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (cleaned up)). That leaves specific jurisdiction. But the only evidence Glozman introduced is that these entities have associated New York addresses. Dkt. 4 ¶¶ 8–10. This is not enough. Under a

theory of specific jurisdiction, he must show that the discovery sought "would not be available but for the respondent[s'] forum contacts." *In re del Valle Ruiz*, 939 F.3d at 530. His brief, however, merely recounts the minimum-contacts standard without otherwise linking it to the facts of this case. Dkt. 3 at 10–12. As a result, the Court cannot grant the application as to Wells Fargo Bank, N.A.; Banco de la Nacion Argentina; or Standard Chartered Bank at this time. *See In re Litasco SA*, 2023 WL 8700957, at *2 (denying application as to Wells Fargo Bank N.A., among others, where applicant did "not sa[y] anything about whether the records sought proximately resulted from the respondent's forum contacts" (cleaned up)); *In re Klein*, 2022 WL 1567584, at *6 (S.D.N.Y. May 18, 2022)

However, Glozman may submit a renewed application under § 1782 to remedy this lack of evidence. If he chooses to do so, the application should either furnish a basis for general jurisdiction over these entities or link the specific discovery sought to the forum contacts of the entities.

Accordingly, Glozman's application with respect to UBS AG; Bank of America, N.A.; Deutsche Bank Trust Company Americas; Citibank, N.A.; the Bank of New York Mellon; and the Clearing House Payments Company LLC is GRANTED without prejudice to any objection that these entities may raise, including that the motion does not meet the requirements of § 1782. It is DENIED without prejudice with respect to Wells Fargo Bank, N.A.; Banco de la Nacion Argentina; and Standard Chartered Bank. Before serving the subpoena on the entities as to which the application has been granted, Glozman shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (cleaned up)).

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 1.

SO ORDERED.

Dated: October 5, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge